UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LORENZO CLERKLEY, JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-20-465-G |
| | ) |
| **CITY OF OKLAHOMA CITY,** | ) |
| **OKLAHOMA, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Defendants' Amended Motion (Doc. No. 143), seeking leave to present certain air guns and an actual firearm as demonstrative exhibits at trial. Plaintiff Lorenzo Clerkley, Jr. has filed a written Objection (Doc. No. 148).

It is undisputed that BB guns were present at the scene of the incident to be considered at trial and that four BB guns were later recovered from that scene. In the Amended Motion, Defendants City of Oklahoma City, Oklahoma, and Kyle Holcomb ask that the Court "allow the jury to view the TDP 45 .177 cal. BB pistol and one of the Glock 19 BB guns recovered at the scene." Defs.' Am. Mot. at 3. Defendants also request that the jury be allowed to view "an actual Glock 19" to be able to "observe how similar" the BB guns and the Glock firearm "are in appearance." *Id.*

Plaintiff objects, noting the alleged lack of any video or physical evidence supporting the proposition that Plaintiff himself was wielding a BB gun at the time of the incident. *See* Pl.'s Obj. at 3. Plaintiff further argues that such demonstratives are unnecessary, that Defendants' request is untimely, and that admission is precluded under

Federal Rule of Evidence 403 because the probative value of the proposed demonstrative evidence "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see* Pl.'s Obj. at 4-5.

"[I]t is within the discretion of the Trial Court, absent abuse working to the clear prejudice of the [opposing party], to permit the display of demonstrative or illustrative exhibits admitted in evidence." *United States v. Downen*, 496 F.2d 314, 320 (10th Cir. 1974). Demonstrative evidence is "[p]hysical evidence that one can see and inspect . . . and that, while of probative value and usu[ally] offered to clarify testimony, does not play a direct part in the incident in question." *Black's Law Dictionary* (12th ed. 2024).

> Demonstrative aids may be effective in illustrating relevant information to a jury, assuming a proper foundation is laid. In assessing foundation in this context, courts consider (among other things) whether the proffered demonstrative exhibit fairly and accurately summarizes previously admitted competent evidence.

*Dahlberg v. MCT Transp., LLC*, 571 F. App'x 641, 647 (10th Cir. 2014) (alteration and internal quotation marks omitted). "Any and all proffered evidence (demonstrative or not) is admitted or excluded based on the same rules of evidence." *Id.*

With respect to the two proffered BB guns, the Court concludes that they may properly be admitted for demonstrative purposes. Items that were present at the scene are reasonably likely to "illustrat[e] relevant information to [the] jury" and to assist the jury in evaluating the testimony and other evidence regarding the incident. *Dahlberg*, 571 F.

App'x at 647.[1]  Assuming proper authentication, the Court does not agree that the presentation of such limited evidence is needlessly cumulative or that allowing the jury to view the actual BB guns as well as the photographs of them will result in "unfair prejudice" to Plaintiff.  Fed. R. Evid. 403.  And Defendants shall address Plaintiff's untimeliness concerns by permitting Plaintiff to inspect the BB guns prior to trial.  *See* Pl.'s Obj. at 4.

As to the Glock 19 pistol, Defendants represent that the BB guns recovered at the scene were imitation Glock guns, manufactured and marketed to look like this specific "real" gun.  Defs.' Am. Mot. at 5.  The Court agrees with Defendants that, if there is credible evidence that Defendant Holcomb observed Plaintiff holding what turned out to be one of the BB guns recovered at the scene, then viewing a Glock 19 pistol may assist the jury in understanding the similarity between the recovered BB guns and an actual Glock 19 pistol.  Specifically, allowing a comparison of the recovered BB guns and an actual Glock 19 pistol could assist the jury in assessing the totality of the circumstances confronting Defendant Holcomb, including whether a reasonable officer would have believed that Plaintiff posed a danger warranting the force used by Defendant Holcomb.

The Court agrees with Plaintiff, however, that presentation of an actual Glock 19 pistol even for demonstrative purposes—a gun that indisputably was not possessed by Plaintiff or Defendant Holcomb—presents a risk of unfair prejudice and confusion, one that may outweigh any probative value of comparing that gun to a BB gun that might have

---

[1] Although the parties have instead agreed to the admission of photographs of the BB guns found at the scene, the actual recovered guns likely would be admissible as direct physical evidence regarding the incident.

3

been held by Plaintiff. *See* Defs.' Am. Mot. at 3 n.4; Pl.'s Obj. at 5-6; *see also* Fed. R. Evid. 403. The Court is not able to assess the extent of the probative value of such a comparison without hearing the evidence at trial, including in particular Defendant Holcomb's testimony as to what he believed he had seen at the time he fired his own gun at Plaintiff.

Accordingly, the Court will authorize Defendants' counsel to take the steps necessary to bring the referenced Glock 19 pistol into the courthouse for use as a demonstrative exhibit but will not allow Defendants to show the pistol to the jury without final approval by the Court. In other words, Defendants should be prepared to use the Glock 19 pistol as a demonstrative exhibit and may, in light of the evidence presented at trial, renew their request to present that pistol to the jury for viewing; however, until such time as the Court expressly grants such a request, Defendants may not use the referenced pistol as a demonstrative exhibit or otherwise present the firearm to the jury.

## CONCLUSION

Accordingly, Defendants' Amended Motion (Doc. No. 143) is GRANTED IN PART and RESERVED IN PART. Defendants may present the two cited BB guns as demonstrative exhibits at trial. The BB guns will be offered for viewing in the courtroom but will not be permitted into the jury deliberation room. The Court reserves ruling on whether any actual Glock 19 pistol may be used as a demonstrative exhibit at trial.

As to both the BB guns and the Glock 19 pistol, the Court authorizes Defendants to bring such guns into the courthouse under the condition that Defendants' counsel coordinate with the United States Marshals and other courthouse staff and follow all

instructions from those authorities for the handling of those weapons and for ensuring the safety of the public. Failure to follow any such instruction will result in denial of authorization to have the referenced guns in the courthouse or to use them as demonstrative exhibits.

Defendants' prior Motion (Doc. No. 142) is DENIED as moot.

IT IS SO ORDERED this 7th day of March, 2025.

_____
CHARLES B. GOODWIN
United States District Judge