# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LORENZO CLERKLEY, JR.,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-20-465-G |
| **CITY OF OKLAHOMA CITY, OKLAHOMA, et al.,** | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

In the March 10, 2019 incident at issue in this case, two Oklahoma City Police Department officers, Defendant MSgt. Kyle Holcomb and Officer Carlon Tschetter, were among those who responded to the scene. Plaintiff Lorenzo Clerkley, Jr., Defendant Holcomb, and Defendant Oklahoma City, Oklahoma, have each identified Defendant Holcomb's and Officer Tschetter's body-worn camera footage of the incident ("the BWC Videos") as evidence they will seek to admit at trial. *See* Am. Final Pretrial R. (Doc. No. 144) at 9, 11, 17. Trial in this matter is scheduled to commence on March 11, 2025.

On February 14, 2025, Plaintiff's counsel emailed Defendants' counsel a link to access Plaintiff's "pre-marked trial exhibits." Defs.' Obj. Ex. 1 (Doc. No. 138-1) at 1. Defendants then filed an Objection to Plaintiff's version of the BWC Videos, which now "have subtitles included." Defs.' Obj. (Doc. No. 138) at 2. Defendants argue that Plaintiff's subtitles are incomplete, inaccurate in places, and fail to synchronize with the audio dialogue, such that presenting Plaintiff's BWC Videos will be confusing and

misleading and waste time.  *See id.* at 2-4 (citing Fed. R. Evid. 401, 403); Defs.' Reply (Doc. No. 147) at 2-4.

Plaintiff responds that the subtitles will assist the jury in understanding the video footage and that any inaccuracies can be "easily corrected."  Pl.'s Resp. (Doc. No. 145) at 2-3.  Plaintiff further suggests that a cautionary instruction be given or that the subtitled videos be presented as demonstrative aids.  *See id.* at 3.

The Tenth Circuit has explained:

> The admission of transcripts to assist the trier of fact, like the admission of tapes of marginal quality, lies within the discretion of the trial court. Transcripts, like other evidence, must be properly authenticated before they can be admitted.  Fed.R.Evid. 901(a) provides generally that: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  When a transcript is offered, the authentication question is usually, as it was here, whether the transcript is an accurate rendition of the taped conversation.  The testimony of either the stenographer (transcriber) or a participant in the actual conversation that the transcript is correct is sufficient to authenticate. Additionally, this Court has stated that, although a judicial determination of the accuracy of transcripts is not a *sine qua non* of their use, it is a recommended practice in the absence of a stipulation by counsel on the point. The D.C. Circuit has offered a set of guidelines for the use of transcripts which we find useful:
>
>> The ideal procedure for testing accuracy is to have the prosecution and defense attorneys stipulate to a transcript.  When they cannot agree as to what is on tape, the second best alternative is for the trial court to make a pretrial determination of accuracy by reading the transcript against the tapes.  In either situation the jury receives a transcript, certified as a correct version of the tape.  A third alternative is to present the jury with two transcripts, containing both sides' versions, and let the jury determine which is more accurate.  In this situation, because no one transcript is presented as 'correct,' the judge need not necessarily listen to the tapes or pass on the accuracy of any transcript.

*United States v. Devous*, 764 F.2d 1349, 1354-55 (10th Cir. 1985) (omissions, citations, and internal quotation marks omitted) (quoting prior version of Federal Rule of Evidence 901(a)); *see also United States v. Hooks*, 551 F.3d 1205, 1215-16 (10th Cir. 2009).

The original, unaltered BWC Videos constitute the "best evidence" of their contents. *See* Pl.'s Resp. at 2; Fed. R. Evid. 1002.  The videos are of relatively good quality, with most or all of the dialogue discernable without the added subtitles.  Plaintiff has not informed the Court who authored the subtitles or by what process, precluding authentication of the transcription reflected in the subtitles.  *See United States v. Davis*, 929 F.2d 554, 550 (10th Cir. 1991); *see also Devous*, 764 F.2d at 1354-55.

Further, there is no stipulation by the parties as to the accuracy of the transcribed subtitles and the Court is unable to make an alternative finding that the subtitles are accurate.  The Court has reviewed Plaintiff's alterations to the BWC Videos and finds that many of Defendants' criticisms are well founded.  Each video is about 12 minutes long and depicts fast-paced events during an active police response, with multiple instances of cross-talk and unidentified voices being heard over a radio.  Rather than serving as a complete "transcript," the subtitles appear only as to certain portions of the dialogue, leaving much of the speaking without any subtitles.  In addition, the subtitles are incomplete and at times inaccurate—for example, they state that Defendant Holcomb is saying the word "man" when the audio more reasonably reflects that he is saying "male." *See* Defs.' Obj. Ex. 2, Def. Holcomb BWC at 1:34 (Doc. No. 138-2).

For all these reasons, the probative value of Plaintiff's subtitled BWC Videos is substantially outweighed by a danger of unfair prejudice, misleading the jury, and wasting

3

time. The Court SUSTAINS Defendants' objection pursuant to Federal Rule of Evidence 403.

IT IS SO ORDERED this 7th day of March, 2025.

_____
CHARLES B. GOODWIN
United States District Judge

5