UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORENZO CLERKLEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-20-465-G |
| | ) |
| CITY OF OKLAHOMA CITY, OKLAHOMA, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Now before the Court is a Motion in Limine (Doc. No. 117) filed by Defendant City of Oklahoma City, Oklahoma. Plaintiff Lorenzo Clerkley, Jr. has responded (Doc. No. 130), and Defendant has replied (Doc. No. 136). The Court also heard argument from counsel on the Motion on February 27, 2025.

I.   *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

## II.     *Defendant's Motion in Limine*

### A.  *Police Training, Policies, and Procedures*

Defendant City first requests that the Court preclude testimony and evidence "as to the adequacy of the City's training of police officers, or concerning the constitutionality of any City police policies and procedures."  Def.'s Mot. at 1.  Defendant City argues that the adequacy of training is irrelevant to the remaining negligence claim against Defendant City and that it already proven that its training and policies "are constitutional."  *Id.* at 3-4.[1]  Plaintiff agrees that Oklahoma City Police Department ("OCPD") training "is not necessarily relevant to Defendants' liability" but contends that if Defendants open the door to the topic of training, "Plaintiff should be permitted to delve into the adequacy of said training."  Pl.'s Resp. at 3-4.  Defendant City replies that Plaintiff being able to argue to the jury that Defendant City did not present any evidence of training would "leave the Defendants to walk a legal tightrope" of not being able to fully respond to that argument.  Def.'s Reply at 3.

At the hearing on Defendant's Motion, Plaintiff reiterated that he does not intend to challenge the adequacy of the OCPD's training.  The argument from all parties' counsel that followed, however, made clear that the parties do not have a uniform meaning of "training"—e.g., the term could mean Defendant Kyle Holcomb's specific training,

---

[1] In granting Defendant summary judgment on Plaintiff's § 1983 claim, the Court held that Plaintiff could not establish Defendant's municipal liability based on a theory of inadequate training on use of force, based in part on a lack of any direct causal link between the alleged constitutional deprivation and the allegedly inadequate training.  The Court did not in that Order directly find that the training is "constitutional."

OCPD-wide policies, or both—and that although either one Defendant or both Defendants do want to be able to reference training or policies to some extent, they do not want Plaintiff to inquire into certain aspects of those topics.

Given the lack of clarity as to whether and how OCPD training, policies, and procedures are relevant to the issues in the case, the Court will RESERVE ruling on this aspect of Defendant City's Motion.  Prior to any party mentioning OCPD training, policies, or procedures or seeking to present evidence of such training, policies, or procedures, counsel shall request leave outside the presence of the jury to discuss such argument or evidence, and the Court will hear any specific objections.  *See Romero v. Helmerich & Payne Int'l Drilling Co.*, No. 15-cv-00720, 2017 WL 3268878, at *2 (D. Colo. Aug. 1, 2017) ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." (internal quotation marks omitted)).

### B. Other Cases, Judgments, Settlements, and Acts

Defendant City also requests that the Court "prohibit any reference to another case, judgment," settlement, or settlement offers in this case, "against this or any other governmental entity for any similar negligence or civil rights case, including any other unrelated acts by Officer Holcomb of negligence or use of force."  Def.'s Mot. at 1. Defendant City argues that any such testimony would be irrelevant and also prejudicial, requiring a trial-within-a-trial to determine any similarities to this case.  *See id.* at 4-6. Plaintiff answers that it does not intend to offer such testimony or evidence at trial but also that the Motion is "far too vague and broad to be granted."  Pl.'s Resp. at 4-5.

Having considered the parties' positions, the Court GRANTS this request. Plaintiff has not pointed the Court to any reason that evidence of any other lawsuit, any judgment or settlement stemming from any other lawsuit, or any other alleged instance of negligence or use of force would be relevant to a claim or defense in this case. Thus, no evidence, question, or argument relating to any such topic may be presented or otherwise raised during trial absent express prior approval by the Court. If counsel at any time need clarification as to whether potential questioning or evidence may properly be put forth, they shall request a prior determination from the Court outside the presence of the jury.

## CONCLUSION

As outlined herein, Defendant's Motion in Limine (Doc. No. 117) is GRANTED IN PART and RESERVED IN PART.

IT IS SO ORDERED this 10th day of March, 2025.

_____
CHARLES B. GOODWIN
United States District Judge